REGAN, Judge.
The plaintiff, Ora Lee Clark, filed this suit against the defendant, Mexic Brothers Reliable Jewelers, Inc., endeavoring to obtain the recision of a sale of immovable property to the defendant, and to reform the conveyance thereof into a mortgage. She further requested that she be given a credit on the mortgage as reformed for all payments of rent made by her since the execution of the act of sale, and in the alternative she sought the recovery of $3,-700.00.
The defendant answered and denied the allegations of the petition. In addition, it asserted in substance that the act of sale about which the plaintiff complains was executed in the usual form, in the customary manner, and with the plaintiff’s knowledge that she was in fact selling her property.
From a judgment of the lower court in favor of the defendant, dismissing the plaintiff’s suit, she has prosecuted this appeal.
The record reveals that the plaintiff owned a double dwelling bearing the municipal numbers 1103-1107 Cadiz Street, in the City of New Orleans, which was burdened with a first mortgage in the amount of $4,697.10 and a second mortgage in the amount of $4,417.00.
The second mortgage payments were delinquent, and therefore foreclosure proceedings were instituted. While the property was being advertised for sale by the civil sheriff, the plaintiff received a letter from one who surreptitiously signed his name as IT. Mex, and he informed her that he was in the mortgage business, and offered possible “help in this matter”.
She later learned that this letter was written by Harry Mexic, the president of the defendant corporation.
The plaintiff visited the defendant’s business establishment in response to this letter, and Mexic assured her that he was in the mortgage business, and could possibly help her since he possessed a surplus amount of cash. He requested her to contact his attorney, who informed her that she would be required to make an advance deposit in the amount of $40.00 to cover the cost of notarial expenses. She could only raise the sum of $25.00, which was used, together with other funds, by his attorney to obtain the usual certificates.
The evidence adduced herein preponderates to the effect that no mortgage was actually offered by Mexic to the plaintiff since her financial status revealed that she was not a good mortgage risk. However, it also discloses that while his actions were nebulously legal they lacked moral principles and ethical values. The judicial armory, unfortunately, does not possess the legal weapons to effectively deal with this kind of surreptitious conduct. There must be proof of fraud, or the positive law must be silent before we may resort to equity in cases of this nature. In any event, Mexic laboriously related that since the plaintiff was in dire financial circumstances she requested him to purchase the property and permit her to remain therein as a tenant for the approximate amount of $60.00 per month. He further asserted that he agreed *85 to this arrangement after thoroughly investigating all of the circumstances.
On July 6, 1962, Mexic and the plaintiff consummated an agreement to sell the property, prepared by his attorney and executed in his office. This contract provided for a sale by the plaintiff to Mexic Brothers Reliable Jewelers, Inc., for a total price of $8,397.10, on terms of $3,700.00 cash and the assumption of the first mortgage then existing on the property.
The cash portion of the sale was derived by arranging a compromise of the second mortgage. Mexic’s attorney contacted the holder of the second mortgage, and it was ultimately agreed that the amount due thereunder would be reduced from $5,142.91 to $3,700.00. At the act of sale, the plaintiff was given a check, made payable to her, in the amount of $3,700.00, which she endorsed over to the second mortgage holder. Thus, she was relieved of all obligations in connection with the property, including, of course, the ownership thereof.
The attorney who consummated the transaction appeared herein and very honestly explained that he meticulously read both the contract to sell and the act of sale to the plaintiff, and that she understood the exact nature of the documents which she was required to sign. In addition thereto, he asserted that the plaintiff asked innumerable questions about the various aspects of the transaction, and he was convinced, as a result thereof, that she understood exactly what was transpiring.
In contradiction of the foregoing testimony, the plaintiff simply insists that she did not know that she was signing an act of sale. Instead, she asserts that it was her understanding that she was executing another mortgage in favor of the defendant.
The foregoing illucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof expressed the opinion that the plaintiff did not prove any act of fraud on the part of the defendant. On the contrary, he was convinced that the plaintiff was fully aware of the nature of the transaction, and that the present suit filed almost two years after the execution of the act of sale, amounted to an afterthought on her part.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the transaction occurred. The trial judge obviously accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is therefore correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.